## Case No. 1,291.

### BENCHLEY v. GILBERT. CURTICE v. STORRS. HILL v. SAME.

[8 Blatchf. 147.][1]

Circuit Court, N. D. New York. Jan. 17, 1871.

REMOVAL OF CAUSES—ACTION AGAINST UNITED STATES COMMISSIONERS.

1. An action commenced in a state court against a commissioner of the circuit court of the United States, to recover back money alleged to have been illegally exacted by him as costs and fees, in a criminal proceeding before him, cannot be removed into this court by certiorari, under section 67 of the act of July 13, 1866, (14 Stat. 171,) which provides for the removal of suits commenced against an officer of the United States appointed under, or acting by authority of, the internal revenue

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

law, on account of any act done under color of his office, &c.

[2. Cited in Eaton v. Calhoun, 15 Fed. 157, to the point that the intention of the removal act is to protect revenue officers and agents against suits in the state courts.]

[At law. Applications for certiorari to remove from a state court to the United States court actions by William Benchley against William W. Gilbert, Albion D. Curtice against William C. Storrs, and William W. Hill against the same defendant. Applications denied.]

John M. Dunning, for plaintiffs.
George J. Sicard, for defendants.

WOODRUFF, Circuit Judge. The above-named three actions were commenced before a justice of the peace for the county of Monroe, to recover back money alleged to have been paid to the defendants respectively by the several plaintiffs, as and for costs and fees, upon an arrest of the plaintiffs severally under warrants issued by the defendants, as commissioners of the circuit court of the United States, and which money is claimed to have been illegally exacted from the plaintiffs. In two only of the cases had pleadings been filed, showing the nature of the cause of action. In the other, a summons to answer to a money demand had been issued and returned, and no further step taken, but the certiorari, as prayed out by the defendants, alleges, in substance, that the cause of action was the same as in the other cases. No injustice can be done to the defendants in assuming that the three are alike. Indeed, they were so treated by the counsel, on the hearing.

The defendant in each suit prayed a certiorari, and the same appears to have been issued by the clerk, in pursuance of section 67 of the act to reduce internal taxation, &c., passed July 13th, 1866, (14 Stat. 171.) It is not objected that a petition for the writ, complying with the requirements of that section, accompanied by the certificate of counsel, was not duly presented to the clerk. As neither party has laid the petition before me, I assume that it conformed to the statute. The certiorari was directed to the justice of the peace before whom the actions were pending, and he has returned the proceedings therein to this court, in obedience to the writ; and thereupon the plaintiffs respectively move "for an order quashing or superseding the said writ of certiorari, and remanding the proceedings, process, and pleadings * * for trial on some day to be named in the said order." The ground of the motion is, that this court has no jurisdiction of the actions thus sought to be removed, and that the same were not subject to removal into this court.

The removal of these cases to this court cannot be sustained by the provisions of the 3d section of the act of March 2d, 1833, (4 Stat. 633,) which related to the laws

for the collection of import duties, and acts done under or by color thereof, as the same was extended by section 50 of the act to provide internal revenue, &c., passed June 30th, 1864, (13 Stat. 241,) for the obvious reason, that section 50 of that act was repealed by section 68 of the act of July 13th, 1866, (14 Stat. 173; City of Philadelphia v. Collector, 5 Wall. [72 U. S.] 720; Assessors v. Osbornes, 9 Wall. [76 U. S.] 567;) and all jurisdiction derivable therefrom ceased on such repeal. The only authority which can be plausibly suggested is the section of the internal revenue law above referred to, in pursuance of which the certiorari was apparently issued, namely, section 67 of the act of July 13th, 1866. That section provides for a removal to this court of any suit or prosecution commenced in a state court, against any officer of the United States appointed under, or acting by authority of, the internal revenue law, * * * on account of any act done under color of his office, &c., &c. I am clearly of opinion, that this act does not at all apply to commissioners appointed by the circuit court, and acting as examining and committing magistrates, in the arresting and holding to bail for offences against the laws of the United States. They are neither appointed under the internal revenue laws, nor did they act in the matter which gave rise to the present litigation by authority of that law. Their authority is derived, and their appointment is made, under previous statutes. That authority relates to all offences against the laws of the United States. They act "by authority" of the acts warranting their appointment and declaring their jurisdiction and powers, although the offences with which they deal may be declared such by various other statutes. The statute declaring an offence is not the source of their authority. The authority is general, to deal with all offences, and their jurisdiction is not derived from the last named statutes. If their authority rested upon the statute which defined an offence, they would exercise their office at a hazard which would deter suitable persons from exercising the office at all. For, if jurisdiction depended upon the statute declaring the offence, then power to arrest would be dependent upon the question of fact, whether an offence under that statute had been committed; and, if the offence was not proved, then, the condition upon which the power depended failing, it would be difficult to protect them against actions for false imprisonment in any case in which a party arrested was not proved guilty. They exercise their office at no such hazard. Whether an offence against the laws of the United States has been committed, is the subject of their enquiry, and their authority to make that enquiry and to hold a party arrested therefor, exists independently of any particular statute defining offences. Whether an offence has been committed may depend, as in the present cases, upon the provisions of the internal revenue law, but those provisions are not the law under which they are appointed, nor by authority of which they act in the matter. In short, the officers contemplated by section 67 of the act of 1866, are officers whose authority to perform their official duties is derived from the internal revenue law, either by appointment or by other express authority conferred by it. In the discharge of their official duty, to whatever that duty relates, they act under that law and under its protection. This is gathered not only from the language of the particular section, but also from the language and manifest intent of the acts of 1833 and of 1864. The legislation of 1833 was for the protection of officers of the customs; that of 1864 and 1866 for the protection of internal revenue officers and their subordinates.

There can, I think, be no necessity for such a removal, but, if there seems to be occasion, it is not provided for. If the moneys received by the defendants in these actions were received in the due discharge of official duty, as magistrates, their defence is perfect and will be sustained; and, if any law of the United States should be violated by a refusal to protect them against an illegal claim, which is not probable, they can have a reversal in a higher court.

I am constrained to say that the circuit court has no jurisdiction of these actions, and the writ of certiorari must be dismissed and the proceedings be remanded.